UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

           v.

KIRK COTTOM,

           Defendant.


_____

**DECISION AND ORDER**

6:15-CR-06054 EAW
6:21-CR-06067 EAW

(District of Nebraska Case Nos.
8:13-CR-108 and 8:15-CR-239)

## <u>BACKGROUND</u>

A four-count indictment against Defendant Kirk Cottom ("Defendant") was returned in this District on April 21, 2015. (Case No. 6:15-CR-06054, Dkt. 1). On July 31, 2015, the Court granted a consent motion to transfer the case to the United States District Court for the District of Nebraska pursuant to Federal Rule of Criminal Procedure 21(b). (*Id*., Dkt. 14).

On August 3, 2015, Defendant pleaded guilty in the District of Nebraska to a violation of 18 U.S.C. § 2252A(a)(5)(B) (access with intent to view child pornography). (Case No. 6:21-CR-06067, Dkt. 1 at 43). On December 17, 2015, he was sentenced to 72 months imprisonment, to be followed by six years of supervised release. (*Id*., Dkt. 1 at 44-45). The sentencing court further imposed 19 special conditions of supervision. (*Id*, Dkt. 1 at 46).

Defendant was released from custody on February 5, 2021. (*Id*., Dkt. 2 at 1). On February 10, 2021, and February 11, 2021, he filed two motions in this District arguing that his conviction and sentence are unconstitutional and should be vacated. (Case No. 6:15-CR-06054, Dkt. 16 and Dkt. 17 (the "§ 2255 Motions")). On March 9, 2021, the Court entered an Order transferring Defendant's § 2255 Motions to the District of Nebraska. (*Id*., Dkt. 19). The Court explained that "[b]ecause both of Defendant's motions challenge the imposition of Defendant's underlying conviction and sentence, and because the conviction and sentence challenged were entered in the District of Nebraska," this Court lacked jurisdiction to grant the relief requested by Defendant pursuant to 28 U.S.C. § 2255. (*Id*., Dkt. 19 at 1-2). Defendant filed a motion for reconsideration of the Court's transfer order (*id.*, Dkt. 20), which the Court denied on April 15, 2021 (*id*., Dkt. 21).

On April 26, 2021, this Court accepted jurisdiction over Defendant's supervised release pursuant to 18 U.S.C. § 3605. (*See* Case No. 6:21-CR-06067, Dkt. 1). Defendant thereafter filed a document entitled "Motion for status update" in which he argued that the Court's acceptance of jurisdiction over his supervised release rendered this an appropriate venue for his § 2255 Motions. (Case No. 6:15-CR-06054, Dkt. 22). Defendant filed a brief in further support of this motion on May 27, 2021 (*id*., Dkt. 24), and the government filed its opposition on June 10, 2021 (*id*., Dkt. 25).

On July 1, 2021, Defendant filed a motion seeking to modify the conditions of his supervised release. (*Id*., Dkt. 26). The government opposes Defendant's request, except with respect to special condition number 3. (*Id*., Dkt. 30).

On July 12, 2021, Defendant filed a motion asking the Court to "strike all Pre-Sentencing Reports from the record because they contain numerous knowingly false statements." (*Id*, Dkt. 32 at 1).

Also on July 12, 2021, the Court entered an Order issuing a summons for Defendant to appear before the Court on July 28, 2021, at 2:00 p.m., in connection with an alleged violation of the terms of his supervised release. (Case No. 6:21-CR-06067, Dkt. 2).

For the reasons discussed below, the Court denies Defendant's motion for a "status update" and his motion to strike. The Court will address Defendant's motion to modify the conditions of his supervised release during his appearance on July 28, 2021.

## DISCUSSION

### I. Motion for "Status Update" Regarding § 2255 Motions

As set forth above, Defendant asks the Court to find that this District's acceptance of jurisdiction over his supervised release pursuant to 18 U.S.C. § 3605 means that the Court also has jurisdiction over his § 2255 Motions. Such a finding would be unsupported by law and the Court accordingly denies Defendant's request.

As a threshold matter, it continues to be clear that the objective of Defendant's § 2255 Motions is to invalidate his conviction and sentence entered in the District of Nebraska. Defendant confirms the same in his motion for a "status update." (*See* Case No. 6:15-CR-06054, Dkt. 22 at 2 (explaining that Defendant is challenging the validity of the underlying prosecution and the imposition of supervised release/the special conditions)). However Defendant has labeled these motions, they clearly are governed by 28 U.S.C. § 2255. *See James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002) ("[I]t is the

substance of the petition, rather than its form, that [controls.]").[1]  Further, § 2255 is unambiguous that any claim that a "sentence was imposed in violation of the Constitution or laws of the United States" must be brought before "the court which imposed the sentence." 28 U.S.C. § 2255(a).  As the Supreme Court has explained, "[t]he very purpose of Section 2255 is to hold any required hearing in the sentencing court[.]" *United States v. Hayman*, 342 U.S. 205, 220 (1952); *see also Boumediene v. Bush*, 553 U.S. 723, 775 (2008) (the "purpose and effect of" § 2255 was to "make postconviction proceedings more efficient" by "direct[ing] claims not to the court that had territorial jurisdiction over the place of the petitioner's confinement but to the sentencing court, a court already familiar with the facts of the case").

Further, although the Second Circuit has not opined on the issue currently before the Court, those federal courts that have been confronted with it have held that, notwithstanding any transfer of jurisdiction over supervised release, "the proper forum to hear the § 2255 petition is the court which originally imposed the sentence." *Napoles v. United States*, 536 F.2d 722, 724, 726 (7th Cir. 1976); *see also United States v. Wakeman*, No. 2:16-CR-00092 APG VCF, 2017 WL 3337265, at *2 (D. Nev. Aug. 4, 2017) ("[The defendant] argues that he can file his § 2255 motion in this district because jurisdiction over the case has been transferred here.  But § 2255's application does not turn on which court voluntarily accepted jurisdiction over a supervisee; it turns on which court sentenced

---

[1]     Defendant's argument that he is not in custody and thus may seek *coram nobis* relief rather than relief under § 2255 lacks merit.  *See Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994) (individual under supervised release is considered "in custody" for purposes of § 2255).

the defendant. [The Defendant] offers no authority to suggest that I can simply ignore § 2255's plain text because two districts decided to transfer jurisdiction over a supervisee."); *Lee v. United States*, No. 1:09-CR-382-1, 2013 WL 12237723, at *1 n.1 (M.D.N.C. Apr. 30, 2013) (recommending that § 2255 petition be transferred to sentencing court because "Petitioner's case was previously transferred to this District, but only for supervision of Petitioner while on supervised release pursuant to 18 U.S.C. § 3605"), *report and recommendation adopted*, , 2013 WL 12237724 (M.D.N.C. June 7, 2013); *Anthony v. United States*, No. CR-01-65-E-BLW, 2008 WL 190636, at *1 (D. Idaho Jan. 18, 2008) ("Petitioner was sentenced in the Eastern District of Washington to 51 months incarceration to be followed by 4 years of supervised release following his conviction for distribution of over five grams of cocaine base. After Petitioner was released from incarceration, the District of Idaho accepted a transfer of jurisdiction over his supervised release from the Eastern District of Washington. This Court has twice revoked Petitioner's supervised release, most recently on April 12, 2006 when the Court sentenced him to 30 months of Incarceration. . . .  Even though Petitioner here has served the initial sentence imposed by the Eastern District of Washington, he is still effectively serving the supervised release portion of that sentence. In other words, his current incarceration is related to the term of supervised release imposed in connection with the Eastern District of Washington sentence even though he was sentenced to his current incarceration by this Court. Accordingly, this Court lacks jurisdiction to address the § 2255 Motion.").

The Court agrees with the other federal courts to have considered this issue that the plain language of § 2255 requires challenges such as the ones at issue here to be brought

in the sentencing court, irrespective of any transfer of jurisdiction over a defendant's supervised release.  Further, as the government correctly points out, 18 U.S.C. § 3605 expressly limits the Court to which jurisdiction over supervised release is transferred to the "exercise [of] all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227."  Such powers do not include consideration of a motion attacking a defendant's conviction or the imposition of his sentence.  Nothing in the relevant statutory scheme supports the conclusion that this District is the appropriate forum to hear Defendant's challenges to his conviction and the imposition of his sentence.

For all these reasons, the Court denies Defendant's request that it determine that it has jurisdiction over his § 2255 Motions.  Those motions have properly been transferred to the District of Nebraska and must be heard there.

## II.    <u>Motion to Strike</u>

The Court turns next to Defendant's request to "strike all Pre-Sentencing Reports from the record because they contain numerous knowingly false statements."  (Case No. 6:15-CR-06054, Dkt. 32 at 1).  More specifically, Defendant argues that the presentence report prepared in connection with his sentencing in the District of Nebraska contains "perjury" and "numerous statements that fail to meet" the preponderance of the evidence standard.  (*Id*., Dkt. 32 at 1-2).  Defendant's motion to strike is denied, for the reasons that follow.

As an initial matter, the presentence report prepared in connection with Defendant's sentencing in the District of Nebraska has not been filed in this Court, and there is

accordingly nothing for the Court to strike.  Of course, the Court lacks the authority to strike the presentence report from the docket in the District of Nebraska.

Further, to the extent that Defendant is requesting that the Court not consider the information set forth in the presentence report in resolving the various issues before it (*see id*, Dkt. 32 at 1 ("[Defendant] respectfully asks this Court to only use the invalid plea agreement . . . to determine the facts for this modification of special conditions motion.")), his request is without merit.  Defendant had the opportunity to object to the presentence report in connection with his sentencing, and the presentence report was in fact modified based on those objections.  (*See* Case No. 6:21-CR-6067, Dkt. 1 at 32).  To the extent Defendant is now challenging the sentencing court's rulings regarding the presentence report, such challenge is barred by the law of the case doctrine.  *See United States v. Jones*, 408 F. App'x 416, 421 (2d Cir. 2010) (in upholding district court's denial of motion for resentencing, rejecting argument that "the district court erred . . . in failing to resolve objections raised at his original sentencing hearing to certain aspects of his Presentence Report" because "[w]hile these objections were raised at the original sentencing hearing, the district court's failure to resolve them was not challenged on appeal" and  "[a]s a result, [the Defendant] is precluded by the law of the case doctrine from raising them now"); *United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002) (explaining that the "law of the case doctrine has two branches" and that the "mandate rule" branch "forecloses relitigation of all issues previously waived by the defendant or decided by the appellate court").  On direct appeal of his conviction, Defendant challenged only the sentencing court's resolution of his motion to suppress and his *motion in limine*, both of which

challenges were unsuccessful. *See United States v. Cottom*, 679 F. App'x 518, 519-23 (8th Cir. 2017).   Having failed to avail himself of his opportunity to pursue his challenges to the presentence report through the appellate process, Defendant is barred from doing so now.

## CONCLUSION

For the reasons set forth above, Defendant's motion for a "status update" (Case No. 6:15-CR-06054, Dkt. 22) and motion to strike (*id.*, Dkt 32) are denied.   The Court will address Defendant's motion for modification of the conditions of his supervised release (*id.*, Dkt. 26) at the appearance set for July 28, 2021, at 2:00 p.m.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      July 20, 2021
            Rochester, New York